# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 4307 | **DATE** | 6/29/2004 |
| **CASE TITLE** | USA vs. Enecon Ortiz | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because no filing fee is chargeable for a 2255 motion, the Application is denied as moot. (2-1) As stated a the outset, the, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Section 2255 Rule 4(b)). Accordingly the motion is dismissed summarily (id).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 6-30-04 | |
| | Notified counsel by telephone. | date docketed | 2 |
| | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 6/30/2004 | |
| | | date mailed notice | |
| SN | courtroom deputy's initials | 2004 JUN 30 AM 7:24 U.S. DISTRICT COURT CLERK Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 04 C 4307
) (02 CR 1071-1)
ENECON ORTIZ, )
)
Defendant. )

DOCKETED
JUN 3 0 2004

MEMORANDUM OPINION AND ORDER

Enecon Ortiz ("Ortiz") has submitted a self-prepared and timely 28 U.S.C. §2255 ("Section 2255") motion, seeking to vacate the 108-month custodial sentence that this Court imposed on him September 5, 2003. This Court has engaged in the initial consideration of the motion that is called for by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules"), and it finds that the motion should be dismissed summarily.

Before this opinion turns to the reasons for that conclusion, one preliminary procedural matter should be dealt with. Ortiz has accompanied his Section 2255 motion with an Application To Proceed Without Prepayment of Fees ("Application"). Because no filing fee whatever is chargeable for such a motion, the Application is denied as moot.

As for the motion itself, Ortiz contends that attorney Ralph Meczyk, Esq. failed in his Sixth Amendment obligation to provide Ortiz with the constitutionally effective assistance of counsel,

3

advancing these three grounds for that contention:[1]

    A). Counsel's failure to request a downward departure pursuant to U.S.S.G. Section 3B1.2(A) or 3B1.2(b).

    B). Counsel's failure to request that petitioner's base offense level was to be level 30 Pursuant to U.S.S.G. Section 2D1.1(a)(3).

    C). Counsel's failure to request a downward departure based on the petitioner's extraordinary status as a deportable alien.

None of those three grounds for ultimate relief (which are themselves nonconstitutional in nature) would have required any elaboration of the record as it existed before this Court at the time of sentencing, so that those grounds could have been raised by the direct appeal that Ortiz forwent. But because any appeal asserting those grounds would surely have been met with a government argument that the issues had been waived (more accurately, forfeited) by Ortiz' failure to have raised them before this Court, thus either knocking the claims out entirely or subjecting them to a more stringent standard of review, this Court will treat them only in the context of the asserted ineffective assistance of counsel.

In that respect the seminal decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) sets two hurdles for the

---

[1] Orti does not challenge his entry of a guilty plea, or any aspect of the plea agreement pursuant to which he entered that plea, as posing any problem with the quality of attorney Meczyk's representation.

convicted defendant who claims constitutionally ineffective assistance--not only a constitutional deficiency in professional representation but also "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 694). And as Strickland went on to say (id. at 697):

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.

In this instance Ortiz clearly fails to overcome that second hurdle as to each of the three issues he has raised:

1. What Ortiz has mistakenly characterized as a "downward departure" under Sentencing Guideline §3B1.2 is rather a matter of the Guideline calculation: whether a defendant's minor or minimal participation in the offense calls for a decrease in the offense level. In that respect this Court always makes its own independent determination, irrespective of whether any difference of position has been articulated among government counsel, defense counsel or the

3

probation officer. In this instance the probation officer's Presentence Investigation Report discussed the subject in detail (in three single-spaced paragraphs occupying lines 129-54) and came to the conclusion that "Mr. Ortiz played a very integral role in the conspiracy and does not qualify for a reduction," accordingly making no Guideline §3B1.2 adjustment in her calculation. This Court independently reached the same conclusion, and it therefore approved the Guideline calculation. No motion by attorney Meczyk would have made a difference.

2. As Ortiz himself recognizes, the recent change in Guideline §2D1.1(a)(3) to set a base offense level ceiling of 30 applies only if a defendant has already received an adjustment under Guideline §3B1.2. Because Ortiz was not entitled to, and was therefore not given, such an adjustment, no relief would have been provided to him under Guideline §2D1.1(a)(3). Again the absence of a motion by attorney Meczyk could not have mattered--if made, it would have been denied as a matter of law.

3. As for Ortiz' status as a removable (the statutory term was formerly "deportable") alien, our Court of Appeals has consistently been rejecting such downward departures unless "exceptional circumstances" were present that would differentiate the particular alien's status not only from

4

the treatment that the Bureau of Prisons affords sentenced United States citizens but also from the circumstances applicable to other aliens generally (see most recently the two-week-old decision in United States v. Macedo, Nos. 02-3563, 02-3564 & 02-3842, 2004 WL 1326724, at *9-*10 (7th Cir. June 15)). If then attorney Meczyk had requested such a downward departure, this Court would have denied it. All of this means that Strickland's second requirement is unmet--that, as stated in Stone v. Farley, 86 F.3d 712, 717 (7th Cir. 1996):

> Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.

As stated at the outset, then, "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court" (Section 2255 Rule 4(b)). Accordingly the motion is dismissed summarily (id.).

/s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: June 29, 2004

5